MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CARLOS MEZA SUAREZ, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| EMMELLE DESIGN, INC.  (D/B/A | **29 U.S.C. § 216(b)** |
| EMMELLE DESIGN), MI JONG LEE, | |
| GLORIA DOE, and ROSIE DOE, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Carlos Meza Suarez ("Plaintiff Meza" or "Mr. Meza"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Emmelle Design, Inc. (d/b/a Emmelle Design), ("Defendant Corporation"), Mi Jong Lee, Gloria Doe, and Rosie Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiff Meza is a former employee of Defendants Emmelle Design, Inc. (d/b/a Emmelle Design), Mi Jong Lee, Gloria Doe, and Rosie Doe.

2.      Defendants own, operate, or control a clothing company, located at 265 West 37th Street, New York, New York 10018 under the name "Emmelle Design".

3.     Upon information and belief, individual Defendants Mi Jong Lee, Gloria Doe, and Rosie Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the clothing company as a joint or unified enterprise.

4.     Plaintiff Meza was employed as an ironer and a fabric worker at the clothing company located at 265 West 37th Street, New York, New York 10018.

5.     At all times relevant to this Complaint, Plaintiff Meza worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.     Rather, Defendants failed to pay Plaintiff Meza appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Defendants' conduct extended beyond Plaintiff Meza to all other similarly situated employees.

8.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Meza and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.     Plaintiff Meza now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Meza seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Meza's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a clothing company located in this district. Further, Plaintiff Meza was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.     Plaintiff Carlos Meza Suarez ("Plaintiff Meza" or "Mr. Meza") is an adult individual residing in Kings County, New York.

14.     Plaintiff Meza was employed by Defendants at Emmelle Design from approximately 2009 until on or about mid-2011, from approximately late 2011 until on or about March 2016, and from approximately October 2016 until on or about January 7, 2019.

15.     Plaintiff Meza consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a clothing company, located at 265 West 37th Street, New York, New York 10018 under the name "Emmelle Design".

17.     Upon information and belief, Emmelle Design, Inc. (d/b/a Emmelle Design) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 265 West 37th Street, New York, New York 10018.

18.     Defendant Mi Jong Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mi Jong Lee is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Mi Jong Lee possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Meza, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Gloria Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gloria Doe is sued individually in her capacity as a manager of Defendant Corporation. Defendant Gloria Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Meza, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Rosie Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rosie Doe is sued individually in her capacity as a manager of Defendant Corporation. Defendant Rosie Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She

determines the wages and compensation of the employees of Defendants, including Plaintiff Meza, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a clothing company located in the Midtown West section of Manhattan in New York City.

22.     Individual Defendants, Mi Jong Lee, Gloria Doe, and Rosie Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Meza's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Meza, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Meza (and all similarly situated employees) and are Plaintiff Meza's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Meza and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendant Mi Jong Lee operates Defendant Corporation as either an alter ego of herself and/or fails to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

     a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

     b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

     c)  transferring assets and debts freely as between all Defendants,

     d)  operating Defendant Corporation for her own benefit as the sole or majority shareholder,

     e)  operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed Corporation,

     f)  intermingling assets and debts of her own with Defendant Corporation,

     g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

     h)  Other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiff Meza's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Meza, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Meza's services.

29.     In each year from 2016 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the clothing company on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Meza is a former employee of Defendants who was employed as an ironer and a fabric worker.

32.     Plaintiff Meza seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Carlos Meza Suarez*

33.     Plaintiff Meza was employed by Defendants at Emmelle Design from approximately 2009 until on or about mid-2011, from approximately late 2011 until on or about March 2016, and from approximately October 2016 until on or about January 7, 2019.

34.     Defendants employed Plaintiff Meza as an ironer and a fabric worker.

35.     Plaintiff Meza regularly handled goods in interstate commerce, such as clothing company and other supplies produced outside the State of New York.

36.     Plaintiff Meza's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Meza regularly worked in excess of 40 hours per week.

38.     From approximately October 2016 until on or about January 7, 2019, Plaintiff Meza worked from approximately 8:30 a.m. until on or about 7:30 p.m. to 8:00 p.m., Mondays through

Fridays and from approximately 8:30 a.m. until on or about 5:00 p.m., Saturdays (typically 63.5 to 66 hours per week).

39.     In addition, for approximately 8 Sundays during this time period, Plaintiff Meza worked from approximately 8:30 a.m. until on or about 7:30 p.m. to 8:00 p.m., Mondays through Fridays and from approximately 8:30 a.m. until on or about 5:00 p.m., Saturdays and Sundays (typically 72 to 74.5 hours per week).

40.     Throughout his employment, Defendants paid Plaintiff Meza his wages in cash.

41.     From approximately October 2016 until on or about January 7, 2019, Defendants paid Plaintiff Meza $15.00 per hour.

42.     On a number of occasions, Defendants required Plaintiff Meza to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

43.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Meza regarding overtime and wages under the FLSA and NYLL.

44.     Defendants did not provide Plaintiff Meza an accurate statement of wages, as required by NYLL 195(3).

45.     Defendants did not give any notice to Plaintiff Meza, in English and in Spanish (Plaintiff Meza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

46.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Meza (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

47.     Plaintiff Meza was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

48.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Meza worked.

49.     On a number of occasions, Defendants required Plaintiff Meza to sign a document the contents of which he was not allowed to review in detail.

50.     Defendants paid Plaintiff Meza his wages in cash.

51.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

52.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Meza (and similarly situated individuals) worked, and to avoid paying Plaintiff Meza properly for his full hours worked.

53.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

54.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Meza and other similarly situated former workers.

55.     Defendants failed to provide Plaintiff Meza and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

56.     Defendants failed to provide Plaintiff Meza and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

57.      Plaintiff Meza brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

58.     At all relevant times, Plaintiff Meza and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

59.     The claims of Plaintiff Meza stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

60.     Plaintiff Meza repeats and realleges all paragraphs above as though fully set forth herein.

61.     At all times relevant to this action, Defendants were Plaintiff Meza's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Meza (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

62.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

63.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

64.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Meza (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

65.     Defendants' failure to pay Plaintiff Meza (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

66.     Plaintiff Meza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

67.      Plaintiff Meza repeats and realleges all paragraphs above as though fully set forth herein.

68.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Meza overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

69.      Defendants' failure to pay Plaintiff Meza overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

70.      Plaintiff Meza was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

71.      Plaintiff Meza repeats and realleges all paragraphs above as though fully set forth herein.

72.      Defendants failed to provide Plaintiff Meza with a written notice, in English and in Spanish (Plaintiff Meza's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

73.     Defendants are liable to Plaintiff Meza in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

74.     Plaintiff Meza repeats and realleges all paragraphs above as though fully set forth herein.

75.     With each payment of wages, Defendants failed to provide Plaintiff Meza with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

76.     Defendants are liable to Plaintiff Meza in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Meza respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Meza and the FLSA Class members;

(c)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Meza's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Meza and the FLSA Class members;

(e)      Awarding Plaintiff Meza and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiff Meza and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Meza;

(h)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Meza's compensation, hours, wages and any deductions or credits taken against wages;

(i)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Meza;

(j)    Awarding Plaintiff Meza damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)    Awarding Plaintiff Meza damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)    Awarding Plaintiff Meza liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)    Awarding Plaintiff Meza and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Meza and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Meza demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

       January 11, 2019

                          MICHAEL FAILLACE & ASSOCIATES, P.C.

              By:        /s/ Michael Faillace
                         Michael Faillace [MF-8436]
                         60 East 42nd Street, Suite 4510
                         New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212)                       317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 11, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Carlos Meza Suarez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     11 de enero de 2019

*Certified as a minority-owned business in the State of New York*